[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision Regarding Termination of Parental Rights
The Department of Children and Families (the Department) has filed a petition wherein it seeks to terminate the parental rights of Jonathan O's biological parents. The Department alleged that both parents have abandoned this child. The Department further alleged that Respondent Mother, Tania O., failed achieve a degree of rehabilitation that would warrant her reunification with Jonathan. Finally the Department alleged that there is no parent — child relationship between Jonathan and his parents.
All parties received appropriate notification of the court proceedings. Although advised of the court date, Respondent Mother chose not to attend. The child's father, referred to as "John Doe," has never been identified. He was notified of the proceedings through publication.
I. Procedural History
Jonathan O. was born on born December 1998. Due to parental neglect, he was committed to the care and custody of the Department of Children and Families. After several commitment extensions, the Department filed a petition for Termination of Parental Rights. The relevant bases for the termination are abandonment, failure to rehabilitate and lack of on going parent — child relationship.
II. Factual Determinations
CT Page 6881
Based on the testimony and documentary evidence presented, this Court makes the following findings:
Tania H. gave birth the Jonathan O. in Waterbury Connecticut on December 1998. At the time of her child's birth Tania, a minor herself, was serving a court ordered term of probation. Shortly after the child's birth, she violated the terms of her juvenile probation. As a result, she was ordered detained in the New Haven Juvenile Detention Facility.
Jonathan was committed to the care of custody of the Department as an infant. At that time, his mother agreed to modify her life so that she could regain custody. She has been offered a plethora of services from the Department. Unfortunately, she has engaged in criminal activity and has been unable to maintain any stable living condition. Her visits with this child have been sporadic and minimal. Her level of interest has been inconsistent.
The identity of the child's father is not known.
III. Legal Conclusions
A. There is clear and convincing evidence that the Department of Children and Families has made reasonable efforts to locate both mother and father.
Tania O. has had sporadic contact with the Department. Because of her nomadic lifestyle, it has been difficult for the Department to contact Tania.
The Department has been unable to ascertain the identity of Jonathan's father.
B. There is clear and convincing evidence that the Department of Children and Families has made reasonable efforts to reunify this child with his parents.
In the present case, the Department made reasonable efforts. However, because the parents have not made themselves available to the court, the Department of Children and Families or their counsel, the efforts were not successful.
C. There is clear and convincing evidence that for at least one year the following has existed:
 (1) The child has been abandoned. Both parents have CT Page 6882 failed to maintain a reasonable degree of interest, concern or responsibility;
 (2) Tania O. failed to achieve such degree of personal rehabilitation as would encourage the belief that with a reasonable time she could assume a responsible position in her child's life; and
 (3) The actions of the parents were such that there is no parent — child relationship at the present time.
D. Termination is in the best interests of the child by clear and convincing evidence.
In arriving at this decision, the court has considered the following factors:
 1. The timeliness, nature and extent of services offered or provided to facilitate the reunion of child with parents.
The Department of Children and Families was immediately available for this family, offering services in a variety of areas. After initial, cursory compliance, Tania O. never utilized any of these programs and opportunities.
 2. The terms of any applicable court order, and the extent to which the parties have fulfilled their obligations under the order.
Neither parent routinely contacted either the court or the Department of Children and Families. Neither sought regular visitation with their child; neither inquired about the welfare of this child. In summary, they have ceased to acknowledge their child's existence. Furthermore, they failed to adhere to any of the court's expectations.
 3. Feelings and emotional ties of the child with respect to his parents and any person who exercised physical care, custody and control of the child for at least one year with whom the child has developed significant emotional ties.
The child was an infant when he entered his present foster care placement. Since this arrangement he has had limited contact with his biological mother. He has never had any contact with his biological father. Neither has provided financial support. Neither has offered resources to their child. Neither has acknowledged the special anniversaries or holidays generally considered important by children. CT Page 6883
This child has a strong, loving relationship with their current foster parents and turns to these foster parents for comfort and reassurance. They hope to adopt this child.
4. Age of the Child
This child is now two years old.
 5. Parents efforts to adjust their circumstances to make it in the best interests of the child to return home in the foreseeable future, including the extent of parental contact or communication with the child's guardian or custodian.
To the knowledge of this court, neither parent has made any effort to accommodate the needs of this child.
 6. Extent to which the parent has been prevented from maintaining a meaningful relationship with the child by unreasonable acts of the child, other parent or other person or economic circumstances.
Neither parent has been prevented from maintaining a meaningful relationship with their child. They merely chose not to exercise this right.
 7. Whether the Department of Children and Families has made reasonable efforts to reunite the family pursuant to the federal Child Welfare Act of 1980.
The Department of Children and Families has made every reasonable effort to reunite this family. Unfortunately at the present time, termination of parental rights is in the best interests of this child.
The statutory parent for Jonathan O. shall be the Commissioner of the Department of Children and Families. A case plan must be filed within thirty days.
Julie DiCocco Dewey, Judge